## Steinbacher v. American States Insurance Company

*Joel D. Smith,* for plaintiff.
*Mark E. Lovett,* for defendant.

FARINA, *J.,* December 5, 1990 — In this action plaintiff, Lisa Steinbacher, was injured as a result of an auto collision between her vehicle and a vehicle being operated by defendant John Page Jr. The Page vehicle, a 1974 Pontiac Firebird, owned by defendant John Page Sr., was not listed as a scheduled vehicle on defendant Page Senior's auto insurance policy with defendant American States Insurance Company, and had been acquired before defendant Page Senior took out the policy with American States. Plaintiff's action, inter alia, seeks declaratory relief that defendant American States owes coverage to defendants Page regarding the accident to which American States responds that coverage is excluded under the policy. Before the court are plaintiff's and defendant American States' cross-motions for summary judgment on the coverage issue.

Summary judgment should be granted only in cases that are clear and free from doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 507 A.2d 323 (1986). The standard is well

established: viewing the record in the light most favorable to the non-moving party and resolving any doubts against the movant, summary judgment is appropriate only where there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035; *Craddock v. Gross,* 350 Pa. Super. 575, 504 A.2d 1300 (1986); *Pennsylvania Funeral Directors Assn. v. Commonwealth, State Board of Funeral Directors,* 90 Pa. Commw. 175, 494 A.2d 67 (1985).

If only the above facts were involved, the issue would be readily resolved. Under the policy, coverage is extended to covered persons operating both covered vehicles and non-covered vehicles, provided the non-covered vehicle is not owned by the covered person operating the vehicle in the accident for which coverage is sought.[1]

Defendant Page Junior, as a member of Page Senior's family, is a covered person. The 1974 Pontiac Firebird, since not listed on the schedule of declarations, is not a covered vehicle. Thus the sections of the policy providing coverage for covered persons operating covered vehicles is inapplicable and provides no coverage to the Pages. However, the provision extending coverage to covered persons operating any vehicle not owned by the covered person is applicable to extend coverage to defendant Page Junior but not to Page Senior since the latter owns the vehicle. We will grant American States' motion as to Page Senior.

As to Page Junior, the coverage issue becomes complicated by the presence of policy exclusions 10 and 11. The exclusions provide:

"We *do not provide* Liability *Coverage:*

---

1.   See policy Part A, Liability Coverage.

. . .

"(10) *For the* ownership, maintenance or *use of any vehicle,* other than your covered auto, which is *owned by you* or furnished or available for your regular use.

"(11) *For the* ownership, maintenance or *use of any vehicle,* other than your covered auto, which is *owned by* or furnished or available for the regular use of *any family member.* However, if your covered auto is a family car, this exclusion does not apply to you." (emphasis supplied)

Simply stated, we view exclusion 10 as excluding from coverage any non-covered vehicle owned by the policyholder. Exclusion 11 excludes from coverage any vehicle owned by a family member. Read together the exclusions eliminate coverage for any covered person for the use of any vehicle owned by the policyholder or by his/her resident family member. Since the Firebird was owned by the policyholder Page Senior and not listed on the schedule of declarations, coverage for operation by the resident family member, Page Junior, is excluded.

Plaintiff reads the exclusions differently. Her interpretation makes material who is operating the vehicle at the time of an accident. Thus, she contends: Exclusion 10 only applies to a vehicle operated by the policyholder and does not apply to a vehicle operated by a family member; exclusion 11 only applied to a vehicle operated and owned by the family member.[2] Where plaintiff errs is that nothing

_____
2. Although plaintiff attempts to argue otherwise, we find the plain meaning of the exclusions such that the phrase "owned by you or furnished or available for your regular use" (exclusion 10), and the similar phrase of "owned by . . . any family member" (exclusion 11), to be such that the words "owned," "furnished" or "available" for regular use, being in

in exclusions 10 or 11 suggests any such limitation. Read together with the exclusion preamble, exclusions 10 and 11 are properly paraphrased as follows: We do not provide liability coverage for the use of any non-scheduled vehicle owned by the policyholder or a resident member of his/her family.[3]

For plaintiff to prevail, the exclusions would have to be capable of being construed to exclude coverage only as to no. 10, for the policyholder's *use* of a non-scheduled vehicle owned by him, and as to no. 11, for a resident family member's *use* of a vehicle owned by the family member. The significant difference in construction is that who is operating or using the vehicle is made material by plaintiff's construction. However, the policy exclusions clearly do not depend in any way on who is using the vehicle and to so construe them would torture their plain meaning. The exclusions are applicable to exclude coverage for use of a vehicle by any covered person where the non-scheduled vehicle is owned by the policyholder (exclusion 10) or the resident family member (exclusion 11).

We therefore hold that since the 1974 Pontiac Firebird was owned by the policyholder, defendant Page Senior, and was not a covered auto scheduled on the policy declarations, its involvement in the auto collision with plaintiff at a time when it was being operated by defendant Page Junior, a resident member of the policyholder family, operates to implicate exclusion 10 of the policy and exclude coverage to defendant Page Junior. Exclusion 11 is

the disjunctive, operate to dictate that once "owned" becomes applicable, the other possibilities of furnished or available for regular use are not. Thus we do not concern ourselves with whether the vehicle was furnished or available for Page Junior's or Page Senior's regular use.

3. See emphasized language of exclusions 10 and 11 at 327, *supra*.

inapplicable to Page Junior because coverage has been excluded by exclusion 10, and neither exclusion is applicable to Page Senior because the coverage provisions of Part A of the policy do not apply to him since he is the owner of the Firebird which is a non-covered vehicle. See page 327, *supra*.

Accordingly, we enter the following

## ORDER

And now, December 5, 1990, the motion for summary judgment of plaintiff Lisa Steinbacher, is denied and the cross-motion for summary judgment of defendant American States Insurance Company is granted. The court hereby enters a declaratory judgment that defendant American States Insurance Company does not owe coverage to defendants John Page Jr. and John Page Sr. under the subject auto liability insurance policy for the accident of August 11, 1986, between defendant John Page Jr. and plaintiff.